IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-97-F

| | | |
|---|---|---|
| TERRY WAYNE FAIRCLOTH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's unopposed Motion to Dismiss for lack of subject matter jurisdiction [DE-5]. For the reasons set forth below, the court agrees, and the Motion to Dismiss [DE-5] is ALLOWED.

Plaintiff initiated this action on December 12, 2013, by filing a complaint in the General Court of Justice, District Court Division-Small Claims, Cumberland County, against Brian Koppenhaver, an employee of the United States Postal Service. Plaintiff alleges that Koppenhaver filed false statements with Plaintiff's employer, resulting in Plaintiff losing wages in the amount of $3,159.00. Compl. [DE-1-2]. The Government, invoking the Westfall Act, filed a notice of removal [DE-1] pursuant to 28 U.S.C. § 1442, and has been substituted as the party defendant on the grounds that the acts complained of were within the scope of Koppenhaver's employment with the United States Postal Service. *See* Certification and Scope of Employment and Substitution [DE-4]; *see also*

28 U.S.C. § 2679.[1] As the substituted defendant, the Government seeks dismissal of this action on the ground that Plaintiff has failed to exhaust his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*

As a sovereign, the United States "'is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA affords a limited, conditional waiver of sovereign immunity by the United States government for certain torts of federal government employees committed within the scope of their employment. *See* 28 U.S.C. §§ 2671 *et seq;*[2] *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States, however, has retained sovereign immunity for "[a]ny claim arising out of misrepresentation." 28 U.S.C. § 2680(h).

Additionally, the FTCA specifically requires that before an action may be instituted in court, a claimant must first present his claim to the appropriate administrative agency for determination. *See* 28 U.S.C. § 2675; *see also Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). It is well-established that "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

---

[1] Generally, the Westfall Act provides that upon certification by the Attorney General or his designate that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, the action is (i) "deemed an action against the United States;" (ii) "the United States shall be substituted as the party defendant;" and (iii) the claim "shall be removed without bond at any time before trial by the Attorney General. 28 U.S.C. § 2679(d)(1)-(2).

[2] That section specifically provides that "the district courts shall have exclusive jurisdiction of civil action on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2

The Government asserts, and the *pro se* Plaintiff has not made any showing to the contrary, that Plaintiff has failed to file an administrative claim and concomitantly, the administrative process has not been completed. This court, accordingly, lacks subject matter jurisdiction over this action, and Plaintiff's claim is DISMISSED without prejudice for failure to exhaust administrative remedies.[3]

SO ORDERED.

This the 23rd day of June, 2014.

James C. Fox
Senior United States District Judge

---

[3] It appears that Plaintiff's claim, arising out misrepresentation, may be barred by sovereign immunity and the intentional tort exception to the FTCA. The Government has not raised this defense, however, so the court will not reach it.

3